UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MEDVE ENERGY VENTURES, LLC, | CIVIL ACTION NO.: |
| Plaintiff, | SECTION: |
| | JUDGE: |
| VERSUS | |
| | MAGISTRATE: |
| CYPRESS DRILLING, LLC, and MICHAEL MORRIS, an individual | |
| Defendants. | |

## NOTICE OF REMOVAL

NOW INTO COURT comes Defendants, Cypress Drilling, LLC and Michael Morris (together, the "Cypress Parties"), who hereby remove to this Court the state court action described below pursuant to the provisions of 28 U.S.C. § 1331.

### I.   INTRODUCTION

1. Plaintiff, Medve Energy Ventures, LLC ("Medve"), commenced this action purportedly to recover alleged actual and consequential damages relating to the negotiation, execution, and performance of a contract entered into between Medve and Cypress Drilling, LLC ("Cypress"). Medve also specifically seeks rescission of the contract.

2. This action was filed in the 38th Judicial District Court for the Parish of Cameron, State of Louisiana, captioned *Medve Energy Ventures, LLC v. Cypress Drilling, LLC and Michael Morris*, docket number 10-20096.

3. As required by 28 U.S.C. § 1446(a), a copy of the state court record, consisting of nothing more than Medve's Petition, is attached as Exhibit A.

4. The Cypress Parties timely filed this Notice of Removal within 30 days of service

of process via La. R.S. 13:3201, which occurred on June 26, 2018. *See* 28 U.S.C. § 1446(b), which was Cypress Parties' first notice of the filing of the plaintiff's Petition for Damages in State Court.

5. The Cypress Parties will provide written notice of this removal to the clerk of the 38th Judicial District Court for the Parish of Cameron, in the form of the copy which is attached hereto as Exhibit B.

6. The 38th Judicial District Court for the Parish of Cameron is located within the district of the United States District Court for the Western District of Louisiana. Accordingly, removal of this case is proper.

7. This Court has jurisdiction over this lawsuit because certain of Medve's claims arise under federal law and this lawsuit could have been brought in federal court pursuant to 28 U.S.C. § 1331, which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Furthermore, the United States District Court for the Western District of Louisiana is the district and division within which the referenced state action is pending.

## II. GROUNDS FOR REMOVAL

### A. Federal Question Jurisdiction.

8. Removal is proper because Medve's suit arises under federal law and could have been brought in federal court. A defendant may remove to federal court any civil action that could have been brought in federal court. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). A claim may be brought in federal court—that is, a federal court has original federal question jurisdiction—if the case "arises under" the laws of the United States. *See* 28 U.S.C. 1331. When federal law creates a private right of action and furnishes the substantive

rules of decision, the claim arises under federal law, and district courts have federal question jurisdiction under § 1331. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 749 (2012).

9. It is well established that "[a] plaintiff who has both federal and state causes of action may choose to ignore the federal claims and pursue only the state claims in state court." *See Pan Am. Petroleum Corp. v. Superior Court*, 366 U.S. 656, 663 (1961). But, where a plaintiff chooses ***not*** to ignore his or her federal claims by making "more than a nebulous reference to federal law" and seeks "relief under all applicable law," federal question removal is proper. *See, e.g.*, *Leaumont v. City of Alexandria*, No. 13-02397, 2013 WL 5426013, at *4 (W.D. La. Sept. 26, 2013), *aff'd*, 582 F. App'x 407 (5th Cir. 2014) ("Plaintiff's state court Petition stated that the 'actions by the [Defendant] are a violation of LSA–R.S. 23:322 & 323 and for 42 USC § 12101, et seq., particularly § 12114.' . . . In addition, Plaintiff's prayer for relief does not limit itself to state court remedies, but instead seeks damages, costs, and attorney fees '***as provided by law***.'" (emphasis added)).

10. Here, under Count II of the Petition, Medve expressly asserts claims of "federal securities fraud" under the Securities and Exchange Act of 1934 (the "Exchange Act"), § 10(b), a federal statute, and Securities and Exchange Commission ("SEC") Rule 10b-5, which the SEC promulgated pursuant to its authority granted by § 10(b) of the Exchange Act. *See* Exh. A at p. 10. Section 27 of the Exchange Act "provides federal district courts with exclusive jurisdiction 'of all suits in equity and actions at law brought to enforce any liability or duty created by [the Exchange Act] or the rules and regulations thereunder.'" *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1568 (2016) (quoting 15 U.S.C. § 78aa(a)). "Section 27 also grants federal courts exclusive jurisdiction of 'violations of [the Exchange Act] or the rules and regulations thereunder.'" *Id.* at 1568 n.2 (quoting 15 U.S.C. § 78aa(a)). "There is no doubt . . .

that a suit asserting an Exchange Act cause of action fits within § 27's scope: Bringing such a suit is the prototypical way of enforcing an Exchange Act duty." *Id.* at 1569.

11. In paragraph 46, Medve alleges that the Cypress Parties, "through various deficient representations and their failure to disclose further information," "induced MEDVE to purchase fractional undivided interests in oil and gas leases—which are securities under the Federal Securities laws[.]" Exh. A at ¶ 46. In paragraph 54, Medve asserts that its damages were caused by the Cypress Parties' failure to "compl[y] with their disclosure obligations under federal securities law." *Id.* at ¶ 54. Medve unambiguously invokes violations of federal law in its Petition, and has sought to enforce Exchange Act duties in the "prototypical way," as designated by the U.S. Supreme Court.

12. Moreover, Medve seeks "judgment against Defendants on Count II" and relief "to the extent allowed by law . . . and any such other and further relief this court deems just and proper." *Id.* Thus, Medve clearly has chosen not to ignore federal law, has not limited itself to state law relief, has asserted that federal law was violated, and, consequently, has invoked federal question jurisdiction. Indeed, Medve has already filed an identical federal lawsuit with this Court, captioned *Medve Energy Ventures, LLC v. Cypress Drilling, LLC and Michael Morris*, bearing Civil Action No. 18-00082 in and for the Western District of Louisiana.

### III. SUPPLEMENTAL JURISDICTION

13. Additionally, pursuant to 28 U.S.C. § 1367, this Court shall exercise supplemental jurisdiction over Medve's state law claims that do not independently satisfy the requirements of 28 U.S.C. § 1331. "Three requirements must be met for supplemental jurisdiction to be proper: (1) the federal claim must have substance sufficient to confer subject matter jurisdiction on the court, (2) the state and federal claims must derive from a common

nucleus of operative facts, and (3) the claims are such that they would all ordinarily be tried in one judicial proceeding." *Fletcher v. Wendelta, Inc.*, No. 07-0847, 2007 WL 2042439, at *2 (W.D. La. July 12, 2007). All three requirements are met here. The Court has exclusive subject matter jurisdiction over Medve's Exchange Act claims; Medve's state law claims arise out of the same set of operative facts as its federal law claims; and the various claims relating to the negotiation, execution, and performance of a contract would ordinarily be tried in one judicial proceeding.

**WHEREFORE,** Defendants, Cypress Drilling, LLC and Michael Morris, respectfully request that this Court assume full subject matter jurisdiction over the cause herein as provided by law, that this Notice of Removal be deemed good and sufficient, that the proceeding entitled captioned *Medve Energy Ventures, LLC v. Cypress Drilling, LLC and Michael Morris*, bearing Docket Number 10-20096 of the 38th Judicial District Court for the Parish of Cameron, State of Louisiana, be removed to the docket of this, the United States District Court in and for the Western District of Louisiana, and the Cypress Parties reserve all rights to assert all other defenses available at law.

Respectfully submitted,

*/s/ Robert J. Dressel*
George C. Freeman, III, 14272
Robert J. Dressel, 35757
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, LLC
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701
gfreeman@barrassousdin.com
rdressel@barrassousdin.com

*Attorney for Cypress Drilling LLC and Michael Morris*

*/s/ Douglas W. Truxillo*
Douglas W. Truxillo, 12937
ONEBANE LAW FIRM
Suite 300 Onebane Law Building
1200 Camellia Boulevard
Lafayette, LA 70508
Telephone: (337) 237-2660
Facsimile: (337) 266-1232
truxillod@onebane.com

*Attorney for Cypress Drilling LLC and Michael Morris*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Robert J. Dressel*